(ryu)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa9
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for defendant

DISTRICT COURT OF GUAM

------------

| | |
|---|---|
| UNITED STATES OF AMERICA, ( | Criminal Case No. 05-00047 |
| ) | |
| Plaintiff, ( | OBJECTION TO PRE- |
| ) | SENTENCE REPORT |
| vs. ( | |
| ) | |
| JASON COBURIAN ORTIOLA, ( | |
| ) | |
| Defendant. ( | |

------------

Paragraph 36 of the presentence report says, "The defendant abused a position of public trust, therefore, the offense [of distribution of methamphetamine hydrochloride] is increased by two levels pursuant to U.S.S.G. § 3B1.3."

Defendant objects thereto.

(OBJECTION TO PRESENTENCE REPORT)
Criminal Case No. 05-00047

"'Public . . . trust' refers to a position of public . . . trust characterized by professional or managerial discretion (*i.e.*, substantial discretionary judgment that is ordinarily given considerable deference)." (U.S.S.G. § 3B1.3, comment. (n.1).) That a defendant abused a position of public trust, however, is not enough. "For this adjustment to apply, the position of public . . . trust must have contributed in some significant way to facilitating the commission or concealment of the offense (*e.g.* by making the detection of the offense or the defendant's responsibility for the offense more difficult." (U.S.S.G. § 3B1.3, comment. (n.1); *see also United States v. Foreman*, 926 F.2d 792, 797 (9th Cir. 1990)(2-1 decision)("the district judge properly applied § 3B1.3 in adjusting upward Foreman's sentence as *her use of her badge and police identification to deflect police questioning* made it significantly easier for her to conceal her cocaine possession" (emphasis added)).) "Section 3B1.3 does not permit or direct the sentencing judge to enhance the sentence of everyone who abuses a position of public trust. Instead, it provides for enhancement only if the defendant's abuse '*significantly facilitated* the [commission or] concealment of the offense' (emphasis added)." (*Foreman*, 926 F.2d at 798 (Reinhardt, J.,

2

dissenting).)

Being in the active service as a Guam police officer in no way contributed to facilitating the commission or concealment of the offense of distribution of methamphetamine hydrochloride. Indeed, the probation officer does not contend otherwise. Her only reason for applying the adjustment is that "defendant was in the active service as a Guam police officer when he committed the instant offense and, therefore, he abused a position of public trust. Pursuant to U.S.S.G. § 3B1.3, *Abuse of Position of Trust or Use of Special Skill*, the offense is increased by two levels." (Presentence Report at para. 25.) She does not contend that being in the active service as a Guam police officer in any way contributed to facilitating the commission or concealment of the offense.

This dispute affects the calculation of the applicable guideline range for the offense of distribution of methamphetamine hydrochloride. A base offense level of 14 (U.S.S.G. § 2D1.1(a)(3), (c)(13)), without an adjustment for abuse of position of trust (U.S.S.G. § 3B1.3)), decreased by 2 levels for

3

(OBJECTION TO PRESENTENCE REPORT)
Criminal Case No. 05-00047

acceptance of responsibility,[1] results in an offense level of 12. The guideline range that corresponds to an offense level of 12[2] is 10 to 16 months.

Dated, Hagåtña, Guam,

June 21, 2006.

Respectfully submitted,

*[signature]*
HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for defendant

---

[1] Defendant qualifies for a decrease of 2 levels by the operation of U.S.S.G. § 3E1.1(a). (Presentence Report at para. 39.) The offense level determined prior to the operation of § 3E1.1(a), however, is less than level 16. Hence defendant does not qualify for a 3-level decrease. (U.S.S.G. § 3E1.1(b).)

[2] And a criminal history category of I. (Presentence Report at para. 47.)

4

## DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for defendant herein, and that on June 22, 2006, I served the document to which this declaration is annexed on Maria C. Cruz, United States Probation Officer, the person charged with conducting the presentence investigation in this proceeding, by leaving a copy at United States Probation Office, 2nd Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2006, at Hagåtña, Guam.

REINA Y. URBIEN

# DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for defendant herein, and that on June 22, 2006, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for plaintiff herein, by leaving a copy at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2006, at Hagåtña, Guam.

_____
REINA Y. URBIEN