jasonortiolapsr2

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
JUN 22 2006
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JASON COBURIAN ORTIOLA, <br><br> Defendant. | CRIMINAL CASE NO. 05-00047 <br><br> **UNITED STATES RESPONSE TO DEFENDANT'S OBJECTION TO PRESENTENCE REPORT** |

Defendant objects to the two-level enhancement assigned by the U.S. Probation Office pursuant to USSG § 3B1.3, which concerns abuse of a position of trust. Because this issue is a mixed question of fact and law, the ruling of the district court will be reviewed de novo. United States v. Isaacson, 155 F.3d 1083 (9th Cir. 1998).

Isaacson involved a bank vault teller who was convicted of embezzlement. She had appealed the district court's decision to increase her offense level based upon § 3B1.3, contending that her position was not one of special trust. The court noted that it was not enough to simply categorize the position. Rather, it looked to whether she was entrusted with responsibilities beyond that of a regular teller and whether she was able to embezzle bank funds, and evade detection, by abusing her special position of trust. Id. at 1085. The court held that the

-1-

enhancement was appropriate.

United States v. Hill, 925 F.2d 502 (9th Cir. 1990), emphasized the importance of the Guidelines' Application Note 1, that a position of trust is characterized as one involving substantially less supervision than employees whose responsibilities were primarily non-discretionary in nature. The court must conduct an analysis of the position to ascertain whether it has the kind of "managerial or professional discretion" that creates the "freedom to commit a difficult-to-detect wrong." Id. at 506. Hill involved a long distance truck driver who stole the cargo he was supposed to deliver; the appellate court upheld the enhancement. It emphasized two important indicia to consider: (1) "the inability of the trustor objectively and expediently to determine the trustee's honesty" and (2) the ease with which the trustee's activities can be observed." Id. at 507.

The Hill standards were applied in United States v. Hoskins, 282 F.3d 772 (9th Cir. 2002), which concerned a K-Mart security guard who participated in an armed robbery of his store. His duties were non-discretionary: he was supposed to be stationed at a bank of monitors for security cameras placed around the store, one of which covered the cash cage. Instead, on the morning of the robbery he met his confederate at the store, escorted him to the cash cage, and pretended to be one of the victims while his friend robbed the teller. The district court held that 3B1.3 was applicable but the appeals court reversed. There was nothing discretionary about defendant's job: during the time he was supposed to be watching the monitors, he was not even allowed a bathroom break. He had no "meaningful discretion" in the performance of his duties. Id. at 779.

In this case, defendant's position as a police officer involved enormous discretion concerning his movements. He was unsupervised and it would be virtually impossible for his superiors to detect whether he was selling drugs. He could enter a house to transact a drug deal

//
//
//

and no one in the Guam Police Department would be the wiser. For these reasons, the government believes the enhancement is appropriate.

Respectfully submitted this 22nd day of June, 2006.

                                        LEONARDO M. RAPADAS
                                        United States Attorney
                                        Districts of Guam and CNMI

By: _____
      KARON V. JOHNSON
      Assistant U.S. Attorney

-3-