# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **DISTRICT OF GUAM** |
|---|---|
| Name (under which you were convicted): **JASON COBURIAN ORTIOLA** | Docket or Case No.: **05-00047-001** |
| Place of Confinement: **HAGATNA DETENTION FACILITY** | Prisoner No.: **(FEDERAL HOLD)** |
| UNITED STATES OF AMERICA<br><br>v. | Movant (include name under which you were convicted) **JASON CABURIAN ORTIOLA** **JASON COBURIAN ORTIOLA** |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   **UNITED STATES DISTRICT COURT, DISTRICT OF GUAM. HAGATNA, GUAM 96932**

   **FILED**
   DISTRICT COURT OF GUAM

   (b) Criminal docket or case number (if you know): **05-00047-001**

2. (a) Date of the judgment of conviction (if you know): _____
   DEC – 8 2006

   (b) Date of sentencing: **SEPTEMBER 20, 2006**

   MARY L.M. MORAN

3. Length of sentence: **6 (SIX) YEARS OF IMPRISONMENT** CLERK OF COURT

4. Nature of crime (all counts): **COUNT I - DISTRIBUTION OF METHAMPHETAMINE HYDROCHLORIDE. COUNT II - CARRYING A FIREARM DURING A DRUG TRAFFICKING OFFENSE.**

   _____
   _____
   _____

5. (a) What was your plea? (Check one)

   (1) Not guilty ❑       (2) Guilty ✔       (3) Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? **N/A**

   _____
   _____
   _____
   _____

6. If you went to trial, what kind of trial did you have? (Check one) **N/A** Jury ❑       Judge only ❑

**ORIGINAL**

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ❑   No ✔

8. Did you appeal from the judgment of conviction?   Yes ❑   No ✔

9. If you did appeal, answer the following:

    (a) Name of court: **N|A** _____

    (b) Docket or case number (if you know): **N|A** _____

    (c) Result: **N|A** _____

    (d) Date of result (if you know): **N|A** _____

    (e) Citation to the case (if you know): **N|A** _____

    (f) Grounds raised: **N|A** _____

    _____

    _____

    _____

    _____

    _____

    _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ❑   No ✔

        If "Yes," answer the following:

        (1) Docket or case number (if you know): **N|A** _____

        (2) Result: **N|A** _____

        _____

        (3) Date of result (if you know): **N|A** _____

        (4) Citation to the case (if you know): **N|A** _____

        (5) Grounds raised: **N|A** _____

        _____

        _____

        _____

        _____

        _____

        _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ❑   No ✔

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: **N|A** _____

        (2) Docket or case number (if you know): **N|A** _____

        (3) Date of filing (if you know): **N|A** _____

(4) Nature of the proceeding: N|A _____

(5) Grounds raised: N|A _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏    No ✔

(7) Result: N|A _____

(8) Date of result (if you know): N|A _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: N|A _____

(2) Docket or case number (if you know): N|A _____

(3) Date of filing (if you know): N|A _____

(4) Nature of the proceeding: N|A _____

(5) Grounds raised: N|A _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❏    No ✔

(7) Result: N|A _____

(8) Date of result (if you know): N|A _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:      Yes ❏    No ✔

(2)  Second petition:   Yes ❏    No ✔

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: **N/A** _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: **DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL**

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

ON SEPTEMBER 20, 2006, DURING MY SENTENCING, THE VISITING DISTRICT COURT JUDGE GAVE MY ATTORNEY THE OPPERTUNITY TO APPEAL MY SENTENCE WITHIN 10 (TEN) DAYS. WITHIN THOSE 10 DAYS, MY ATTORNEY DID NOT GIVE ME ANY FEEDBACK NOR SHOWED ANYMORE INTEREST IN MY CASE. I LAST SPOKE TO MY ATTORNEY ON NOVEMBER 28, 2006 (TUESDAY) VIA TELE-PHONE AND HIS ONLY ADVISE WAS, THAT I SHOULD JUST SERVE THE TIME. THEREFORE I FELT THAT MY ATTORNEY HAD DENIED OR REJECTED ME OF ANY ASSISTANCE WHICH WOULD HAVE BEEN EFFECTIVE.

_____

_____

_____

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ❏   **N/A**

(2) If you did not raise this issue in your direct appeal, explain why: **N/A** _____

_____

_____

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ✓

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: **N/A** _____

Name and location of the court where the motion or petition was filed: **N/A** _____

_____

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏   No ✔

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏   No ✔

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏ **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A**

Docket or case number (if you know): **N/A**

Date of the court's decision: **N/A**

Result (attach a copy of the court's opinion or order, if available): **N/A**

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **N/A**

**GROUND TWO:** **N/A**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
**N/A**

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏ No ❏ **N/A**

(2) If you did not raise this issue in your direct appeal, explain why: **N/A** _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: **N/A** _____

Name and location of the court where the motion or petition was filed: **N/A** _____

_____

Docket or case number (if you know): **N/A** _____

Date of the court's decision: **N/A** _____

Result (attach a copy of the court's opinion or order, if available): **N/A** _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏ No ☑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏ No ❏ **N/A**

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **N/A** _____

_____

Docket or case number (if you know): **N/A** _____

Date of the court's decision: **N/A** _____

Result (attach a copy of the court's opinion or order, if available): **N/A** _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **N|A**

GROUND THREE: **N|A**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): **N|A**

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏ No ❏ **N|A**

(2) If you did not raise this issue in your direct appeal, explain why: **N|A**

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏ No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: **N|A**

Name and location of the court where the motion or petition was filed: **N|A**

Docket or case number (if you know): **N|A**

Date of the court's decision: **N|A**

Result (attach a copy of the court's opinion or order, if available): N|A _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏   No ✔

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏   No ✔

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏   No ❏ N|A

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N|A _____

_____

Docket or case number (if you know): N|A _____

Date of the court's decision: N|A _____

Result (attach a copy of the court's opinion or order, if available): N|A _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: N|A _____

_____

_____

_____

_____

**GROUND FOUR:** N|A _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N|A _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes ❏ No ❏ N|A

   (2) If you did not raise this issue in your direct appeal, explain why: N|A _____

_____

_____

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes ❏ No ☑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition: N|A _____

   Name and location of the court where the motion or petition was filed: N|A _____

_____

   Docket or case number (if you know): N|A _____

   Date of the court's decision: N|A _____

   Result (attach a copy of the court's opinion or order, if available): N|A _____

_____

   (3) Did you receive a hearing on your motion, petition, or application?

   Yes ❏ No ☑

   (4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❏ No ☑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❏ No ❏ N|A

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed: N|A _____

_____

   Docket or case number (if you know): N|A _____

   Date of the court's decision: N|A _____

   Result (attach a copy of the court's opinion or order, if available): N|A _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: **N/A** _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **GROUND ONE, DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL. BECAUSE IT IS ONLY NOW THAT I MAKE THIS MOTION.**

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ❑    No ✔

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. **N/A** _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **N/A** _____

(b) At arraignment and plea: **JOHN GOREMAN.    U.S. PUBLIC DEFENDERS OFFICE, FIRST HAWAIIN BANK BLDG. MAITE, GUAM 96932.**

(c) At trial: **N/A** _____

(d) At sentencing: **HOWARD TRAPP.    200 SEYLOR BLDG. O'BRIAN DRIVE HAGATNA, GUAM 96932**

(e) On appeal: N/A _____

_____

(f) In any post-conviction proceeding: N/A _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A _____

_____

(b) Give the date the other sentence was imposed: N/A _____

(c) Give the length of the other sentence: N/A _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐  No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* **N/A** _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: **A REDUCTION OF**
**SENTENCE**

_____

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____
_____ (month, date, year).

Executed (signed) on ___ **12/07/06** _____ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not
signing this motion. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____

[Insert appropriate court]

* * * * *

November 20, 2006

The reasons and purpose for the following paragraph(s) is a petition of a request for a reduction of sentence and is also to convey my expressions of remorse and my utmost and sincerest apologies to any and all individuals involved in my case.

Since my indictment in June 2005 through September 20, 2006 (date of my sentencing), I have accepted all responsibility for my dishonorable actions and have learned a great and unforgettable lesson in life. I have also accepted the fact that I am facing life changing consequences for the crimes I've committed. I have betrayed the trust of the government, the people of Guam, my peers and colleagues, my family and extended family, my friends and especially my 6 year old daughter. The government entrusted me with the role as a Police Officer/Public Servant and I later deceived them and abused that trust. I understand that I have failed miserably and defaced the honor and value of which my role was instilled. I humbly ask for the forgiveness of everyone involved in my case. I realized that I may never live a normal life as I will continue to be haunted by the very dishonest and outrageous actions I have committed and their repercussions. There are no words that can express exactly how remorseful I am and for all my actions. I will accept all responsibility and will atone for them.

During this time of trial, as a single father, I will dedicate myself to continue and strive for a positive future in the best interest of my 6 year old daughter. I am asking for a second chance in life. I am humbly requesting that my sentence may be reduced to a lesser sentence. This request is in my prayers and I believe anything is possible through God and through him, there is hope. In the Bible, God teaches us that every trial that we face is for him. He didn't give it to us to

make us suffer, he gave it to us to test our faith. I look forward in continuing to be an active member of society, to contribute back to the community and to abide by all local and federal laws of Guam and the United States. Again, please accept this as my sincerest apology and I truly appreciate all your time and efforts in taking this matter into consideration.

I do solemnly swear that the foregoing information is true and correct to the best of knowledge and belief.

Jason Caburian Ortiola

Petitioner

Subscribed and sworn to before me this _20th_ day of _November_ _200 6_

(SEAL)

Notary Public:

My commission expires:

**KEVIN J. YANG**
NOTARY PUBLIC
In and For Guam, U.S.A.
My Commission Expires: Nov. 25, 2007
P.O. Box 10138 Tamuning, Guam 96931

# CHARACTER AFFIDAVIT

## On behalf of

## Jason C. Ortiola

In support of the application of the above named petitioner towards a filing of a Rule 35 (reduction of sentence), I, Richard K. Lai , with address, P.O. Box 4338, Hagatna, Guam 96932, whose occupation is, Restaurant Owner, with Telephone No (671) 788-0999 certify that I have personally known the petitioner for 10 months. Except as otherwise indicated below, petitioner has behaved since the conviction in a moral and law-abiding manner. My knowledge of petitioner's reputation, conduct and activities, including whether the petitioner has been arrested or had any other trouble with public authorities and has been steadily employed, is as follows:

Please see attached:

I do solemnly swear that the foregoing information is true and correct to the best of my knowledge, information, and belief.

(Richard K. Lai)

Subscribed and sworn to before me this day of (month) (year)

(SEAL) Notary Public: _____

My commission expires: _July 5, 2008_

GRACE MARIE C. MARTINEZ
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: July 05, 2008
P.O. Box 21112 GMF, Guam 96921



# SEAPORT
## STEAK & WINE COMPANY

Mr. Jason came to me initially for a job. He was upright and very honest in explaining his predicament, thus I decided to give him a chance. Being a restaurateur for many years, I have seen many things, however, Mr. Ortiola's approach towards finding a job and sustain support for his family was exceptional.

After observing Jason for about seven months, he became the best server that I had for the restaurant. His character seemed to have improved after going through the ordeal of making his mistake. He observed all rules and at the same time kept in constant alignment with his obligations to reporting to the parole office.

Mr. Ortiola worked hard, very hard exemplifying more than what his job required. Jason earned the respect of all of my staff at the Samurai, with his extraordinary character and tact.

Upon learning more about his predicament over the months, I believe that undertaking the punishment he had gone through for the past year; Mr. Ortiola has paid his debt to society. The emotional, physical, and mental punishment accompanying the loss of a good job, the ability to comfortably support his family, the trust of some friends and the community, has been chastisement enough.

Despite the stress of undergoing court proceedings and working in a just opened restaurant, Mr. Ortiola displayed organization and professionalism to such a degree to which made him notice by my current management team. In consideration of his performance and work ethics, I planned on making him one of the shift managers. I look forward to seeing Mr. Ortiola be released from his sentence early, knowing that I will be able to utilize him as a part of my management team.

In closing, I have to say that Jason Ortiola not only is a man deeply regretful of his mistakes, but also a wiser person who will not make the same mistake twice. Mr. Ortiola's integrity is even higher than most of my employees who have not undergone similar proceedings, and deserves a chance to be a productive part of the community once more. Being in several businesses, I believe that my judgement of his character is objective and will be a good investment (risk) to release into society again. People make mistakes, and should pay for them to make amends, in which Mr. Jason Oritiola has already done.

# CHARACTER AFFIDAVIT
## On behalf of

Jason C. Ortiola

*(Print or type name of Petitioner)*

In support of the above named petitioner, filing a Rule 35, Reduction of Sentence, with the

United States District Court, I, _Deborah A. Pineda_,

*(Print or type name of Affiant)*

residing at _241 Condo Ln Unit F Tamuning GU 96913_,

Number   Street   City   State   Zip Code

_(671) 649-8889_, whose occupation is _teacher_,

Telephone No–(To include-area code)

certify that I have personally known the petitioner for _10_ years. Except as otherwise indicated below, petitioner has behaved since the conviction in a moral and law-abiding manner. My knowledge of petitioner's reputation, conduct and activities, including whether the petitioner has been arrested or had any other trouble with public authorities and has been steadily employed, is as follows:

_See attachment._

 

I do solemnly swear that the foregoing information is true and correct to the best of my knowledge, information, and belief.

_(Signature o of Affiant)_

Subscribed and sworn to before me this _13th_ day of _November_, _2006_.

*(month)*   *(year)*

(SEAL)

Notary Public: _____

My commission expires: _____

RUSSELL R. YOUNG
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: October 7, 2007
1270 N. Marine Dr. Ste. 101
Barrigada, Guam 96913

November 13, 2006

Hafa Adai! My name is Deborah A. Pineda, teacher at St. Paul Christian School for the past four years. Prior to this, I taught at John F. Kennedy High School, one of our island's largest public schools for eight years. During my time at JFKHS, I had the privilege of having Jason C. Ortiola as my student. In 1996, he was a sophomore in my English 10 class. Jason made an immediate impression with his humility, his optimism and his million dollar smile.

It is a teacher's job to encourage and motivate her students. At the time, I was fresh out of college and had only one year of teaching experience in the classroom. There were times when classroom management was a struggle for me. Days that I felt like throwing in the towel, it was Jason who would always ask if I was ok. He never ceased to encourage me and even stand up to the misfits in class telling them to settle down and have some respect for me and the rest of the students. He affirmed me time and time again that students considered my classroom a safe haven, a place of refuge, and a place where learning actually did take place.

When I learned about Jason's indictment, I was very disappointed. What teacher wouldn't be? But one thing I knew for sure was Jason's willingness to admit to his mistake and take full responsibility for his actions. I am most proud of the steps he has taken since then to continue to provide for his six-year-old daughter Jaynie. He sought employment at Samurai Steakhouse, where I have frequented numerous times this year. When Jason's guilty verdict was announced in the media, I saw him at the restaurant and he said, "Mrs. Pineda, I made a terrible mistake, and if anything this whole experience has made me a better person. One thing is for sure, I will overcome this." Jason could have avoided me altogether, he could have resigned from his job to save face, he could have lost all hope and let this defeat him, but it didn't. Jason continued to do his job with excellence, greeting and serving customers with that same million dollar smile, and gaining favor in the eyes of his customers, his co-workers and his supervisors as a person of integrity.

I have seen first hand the incredible power of God's love and forgiveness over Jason's life. The Bible speaks volumes of the redemptive power of the Lord. Romans 3:23 states "For *all* have sinned and fall short of the glory of God." Remarkably, even the Lord is rich in mercy, grace, and forgiveness. In this entire process of brokenness, Jason's only hope has been his faith in God and support from his family and friends. Where would any of us be without second chances? It is during the trials and testing, that our character is refined and renewed. It is my prayer that you too would pardon and afford Jason the opportunity to learn from his experience, to move on to be a productive member of our society, and to provide the best life possible for his daughter Jaynie.

Thank you for your kind consideration.

Sincerely,

Deborah Pineda

# CHARACTER AFFIDAVIT

## On behalf of

## Jason C. Ortiola

In support of the application of the above named petitioner towards a filing of a Rule 35 (reduction of sentence), I, Albert De Vera Sison, residing at, 200-B Rizal Street Dededo, Guam 96927, whose occupation is, Restaurant Manager, with Telephone No (671) 632-7125 certify that I have personally known the petitioner for 10 months. Except as otherwise indicated below, petitioner has behaved since the conviction in a moral and law-abiding manner. My knowledge of petitioner's reputation, conduct and activities, including whether the petitioner has been arrested or had any other trouble with public authorities and has been steadily employed, is as follows:

*I met Mr. Jason Ortiola during a job interview for the Samurai Restaurant. Since then the impression and actual persona of this person has left a lasting impact I will never forget. Not knowing what he had done in the past, I saw him as a man full of humility and demeanor. Later on as a got to know him more, Mr. Ortiola displayed the highest work ethics and professional decorum among all of the workers under me.*

*Mr. Jason has become, since his conviction, a person of high veracity and man of perseverance. He strives towards excellence in what he does, including with making every effort to support his daughter. I consider it a privilege to have known his as a person and looking forward to continuing that opportunity in the near future.*

*Mr. Ortiola is no longer the person he was a year ago. Unlike most persons who have defaced the law, Mr. Jason has rehabilitated himself to a point where he is a great contribution to society, friends, family, and co-workers. I honestly know that he will no longer become threat to the community and will be a factor to its benefit.*

*A implore the Justice system to look into the matter carefully and seek that Mr. Ortiola be granted a chance for his motion of a reduced sentence. I would not say this of most people who have disobeyed the law, however, in my personal view Jason is befitting of this opportunity.*

*In conclusion, as one of the persons who have had the honor of working and being a part of his personal life, I can only say that Jason is one of the well mannered, upright, and honest persons that I know. I would vouch for him for anything and at anytime.*

I do solemnly swear that the foregoing information is true and correct to the best of my knowledge, information, and belief.

(Signature of Affiant)

Subscribed and sworn to before me this day of (month) (year)

(SEAL) Notary Public: _____

PRIMO B. CABURIAN
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires: Dec. 12, 2009
P.O. Box 238 Hagatna, Guam 96932

My commission expires: _____

# CHARACTER AFFIDAVIT
## On behalf of

_JASON C. ORTIOLA_

<span style="font-size:smaller">(Print or type name of Petitioner)</span>

In support of the above named petitioner, filing a Rule 35, Reduction of Sentence, with the

United States District Court, I, _JOVITO T. JASMIN_ ,

<span style="font-size:smaller">(Print or type name of Affiant)</span>

residing at _149 S. MARIPOSA CRT - DEDEDO GUAM 96912_ ,

<span style="font-size:smaller">Number   Street      City      State    Zip Code</span>

_671·415·8521_ whose occupation is _POLICE SERGEANT 1_ ,

<span style="font-size:smaller">Telephone No–(To include-area code)</span>

certify that I have personally known the petitioner for __5__ years. Except as otherwise
indicated below, petitioner has behaved since the conviction in a moral and law-abiding
manner. My knowledge of petitioner's reputation, conduct and activities, including
whether the petitioner has been arrested or had any other trouble with public authorities
and has been steadily employed, is as follows:

_REFER TO ATTACHMENT._

I do solemnly swear that the foregoing information is true and correct to the best
of my knowledge, information, and belief.

<span style="font-size:smaller">(Signature o of Affiant)</span>

Subscribed and sworn to before me this _16th_ day of _NOVEMBER_, _2006_ .

<span style="font-size:smaller">(month)     (year)</span>

(SEAL)

Notary Public: _Russell R. Young_

My commission expires: _____

RUSSELL R. YOUNG
NOTARY PUBLIC
In and for Guam, U.S.A.
My Commission Expires. October 7, 2007
1270 N. Marine Dr. Ste. 101

November 14, 2006

Greetings, my name is Jovito T. Jasmin, currently employed as a Police Sergeant with the Guam Police Department for the past three years and have been employed with the Department for a total of about twenty three years {23} altogether.

I have known and had a professional working relation with Jason who was a rookie Officer while assigned to the Hagatna Precinct Command, a few years ago. Although Jason was not directly assigned to my shift at that time, I have noticed that he was an aggressive, eager officer who wanted to learn about the job. As a field supervisor, Jason had at times, approached me and made inquiries about situations that he was faced with and actions that he took to resolve the issues, which gave me the impression that he had initiative and the drive to insure that the actions he undertook were within the confines of the established rules and regulations and did not violate anyone's constitutional rights and showed concern for all those involved.

While assigned to the Hagatna Precinct Command, I did not hear nor received any negative talk or information from his peers, about Jason's performance as a rookie officer.

Shortly after that, Jason was reassigned to the Tamuning / Tumon Precinct Command where I later learned about his indictment and subsequent guilty verdict relative to his criminal case.

I later saw Jason at the restaurant, where he was employed as a waiter and briefly spoke to him. He appeared embarrassed, however, I informed him to be strong, wished him well and to move on and learn from his mistake. During our brief encounter and although he did not speak much of his criminal case, it was evident from his facial expression that he made that biggest mistake of his life.

I continued to patronize the restaurant and each separate time we had our brief encounter, he appeared strong and displayed a will to move on as apparent from his interactions with the customers.

It is evident that Jason had done wrong and as a member of the police department for the past twenty three years, I have noticed that people do make mistakes, learn from their mistakes and eventually lead productive lives. I also noticed that people are afforded a second chance in life and in this particular case, with hopes that Jason be afforded that second chance and for him to move on and with continued support from his family and friends, that he will live a productive life as a member of our society.

Thank you for giving me this opportunity to convey my views regarding Jason and for your kind consideration in this matter.

Sincerely,