ortiola2255

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

ORIGINAL

FILED
DISTRICT COURT OF GUAM

DEC 14 2006

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| JASON COBURIAN ORTIOLA,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CIVIL CASE NO.    06-00037<br>CRIMINAL CASE NO. 05-00047<br><br>**ANSWER TO MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Pursuant to Rule 5 of the Rules Governing Proceedings in the United States District Courts under Title 28, United States Code, § 2255, the United States hereby files this answer and respectfully moves this Court to deny the Motion to Vacate, Set Aside, or Correct Sentence of the defendant.

**JURISDICTION**

This Court has jurisdiction over the subject matter and parties pursuant to Title 28, United States Code, Section 2255. Defendant's motion is timely because it was brought within one year of the date on which his judgment of conviction became final. Title 28, U.S.C., § 2255, ¶ 6.

## PRIOR PROCEEDINGS

On August 19, 2005, defendant pled guilty to an indictment charging him with Distribution of Methamphetamine Hydrochloride (ice) in violation of Title 21, U.S.C. § 841(a)(1), and Carrying a Firearm During the Course of Drug Trafficking, in violation of Title 18, U.S.C. § 924(c). The firearms offense carries a mandatory term of five years incarceration, to run consecutively to any other sentence a defendant may receive. Defendant's plea agreement is attached hereto as Exhibit 1. He admitted to selling .5 grams of ice to another individual while in his Guam Police uniform, and carrying his service weapon, a .9mm Smith & Wesson. In paragraph 10 of this plea agreement, defendant waived his right to collaterally attack this conviction. The sole right reserved to him was to appeal his sentence.

The presentence report base offense level was 14. A two-level enhancement, to which the defendant objected, was calculated for abuse of a position of public trust. Less three levels for acceptance of responsibility, defendant's total offense level was 13, which carried a Guidelines term of 12-18 months incarceration. The court adopted the presentence report in its entirety, and sentenced defendant to 12 months incarceration on the drug charge, with a consecutive five-year term for carrying a firearm during this offense. Even had the court agreed with defendant concerning the abuse of public trust enhancement and reduced the total offense level to 10, his guidelines sentence would have been 6-12 months. Thus, a 12-month term of incarceration would have been within either Guidelines range.

Defendant filed his § 2255 petition on December 12, 2006. An evidentiary hearing is set for January 21, 2007. The government's position is that there is no need for an evidentiary hearing, based upon the clear and uncontroverted facts in the record.

## ARGUMENT

### A. Defendant Waived His Right to Collaterally Attack His Conviction.

In his plea agreement, defendant clearly and explicitly waived his right to collaterally attack his conviction. The right to file a § 2255 petition is statutory and thus may be waived as

part of the plea agreement. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). Defendant does not challenge the validity of his plea agreement, or its voluntariness, or the propriety of the Rule 11 colloquy, only that his counsel did not appeal his sentence. United States v. Jeronimo, 389 F.3d 1149 (9th Cir. 2005). Thus, he may not raise a collateral attack now.

B. Counsel Was Not Ineffective by Failing To Appeal Defendant's Sentence.

The Defendant contends that he received ineffective assistance of counsel because his attorney failed to appeal his sentence. Claims of ineffective assistance of counsel are reviewed using the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show (1) that counsel's performance was deficient or fell below an objective standard of reasonableness and (2) he was prejudiced by counsel's deficiency. Id. at 687. A defendant bears a heavy burden in proving an ineffective assistance claim because counsel is presumed effective. Id. at 689. A reviewing court need not address both prongs if the defendant makes an insufficient showing as to one of them. Id. at 687. It is well settled that a petitioner must affirmatively plead in his habeas petition what actual prejudice he suffered as a result of counsel's ineffectiveness. Hill v. Lockhart, 474 U.S. 52, 59-61 (1985).

Defendant must demonstrate that his counsel's advice–that he not appeal his sentence–was not within the range of competence demanded of attorneys in criminal cases. United States v. Signori, 844 F.2d 635, 638 (9th Cir. 1988). There is a strong presumption that counsel's conduct does fall within the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

Here, the record demonstrates that defendant had no valid ground to appeal his sentence. He does not contest that he committed the crimes charged, nor does he contend that the court's sentence was illegal. He fails to demonstrate how, if he had appealed, his sentence would be any different than what he received. In effect, defendant's § 2255 petition is no more than a motion to reconsider the sentence imposed, on the grounds that he is sorry.

-3-

## CONCLUSION

Based upon the forgoing facts and law, the United States respectfully moves the Court to deny the Defendant's motion to vacate, set aside, or correct sentence under Section 2255 of Title 28, United States Code.

Respectfully submitted this __14th__ day of December 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _[signature]_
KARON V. JOHNSON
Assistant U.S. Attorney

jasonortiolaple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM
AUG 19 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00047 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| JASON COBURIAN ORTIOLA, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JASON COBURIAN ORTIOLA, enter into the following plea agreement:

1. The defendant agrees to plead guilty to Counts I and II of an Indictment charging him with Distribution of Methamphetamine Hydrochloride (ice), in violation of Title 21, United States Code, § 841(a)(1), and Carrying a Firearm During the Course of Drug Trafficking, in violation of Title 18, United States Code, § 924(c).

2(a) The defendant, JASON COBURIAN ORTIOLA, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of trafficking in controlled substances, and other related offenses. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not

- 1 -

EXHIBIT 1

limited to the offense to which he is pleading guilty. Cooperation will also include complying with all reasonable instructions from the United States; submitting to interviews by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States; producing to the United States all non-privileged documents (including claimed personal documents) and other materials in the possession, custody or control of defendant requested by attorneys and agents of the United States; and testifying fully and truthfully before any grand juries, hearings, trials or any other proceedings where defendant's testimony is deemed by the United States to be relevant. Defendant understands that such cooperation shall be provided to any state, territorial, local or federal law enforcement agencies designated by counsel for the United States. Further, it is understood and agreed that defendant shall not directly, indirectly, or intentionally disclose anything defendant knows or had done concerning the United States' investigation to anyone other than defendant's attorney. Defendant agrees to take no steps directly or indirectly to warn any subject of this investigation that defendant, a subject or anyone else is being investigated.

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any criminal schemes of which he does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, and in particular in Paragraph 10, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during his cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI..

-2-

3. The defendant, JASON COBURIAN ORTIOLA, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in drug trafficking and money laundering activities and his knowledge of other person's involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

4. The defendant, JASON COBURIAN ORTIOLA, understands that the <u>maximum</u> sentence for Distribution of Methamphetamine Hydrochloride (ice) in a quantity of approximately one-half (.5) grams net weight is a term of twenty (20) years imprisonment, a $1,000,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of not more than three (3) years supervised release in addition to such terms of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

The defendant, JASON COBURIAN ORTIOLA, understands that the <u>maximum</u> sentence for Carrying a Firearm During the Course of Drug Trafficking is a mandatory minimum term of five (5) year imprisonment, and a $100 special assessment fee, which must be paid at the time of sentencing. This term of imprisonment must run consecutively to any other sentence of incarceration imposed on the defendant. In addition, any sentence imposed may include a term of not more than three (3) years supervised release in addition to such term of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

4(b) If defendant cooperates as set forth in Paragraphs 2 and 3, the government will recommend that defendant receive the statutory minimum, or the minimum term of incarceration recommended by the Sentencing Guidelines, whichever is greater.

-3-

4(c) If the United States believes the defendant has provided "substantial assistance" as defined by Sentencing Guidelines 5K1.1, the United States will request the court to depart below the statutory minimum pursuant to Title 18, United States Code, § 3553(e), and will, as provided by Sentencing Guidelines 5K1.1, request the court to depart below the applicable guidelines range, when fixing a sentence for defendant and may, within one year after sentencing herein, move the Court to order relief pursuant to Rule 35, Rules of Criminal Procedure to whatever guidelines range or sentence of incarceration the United States in its sole discretion deems appropriate. Defendant acknowledges that the United States has made no promise, implied or otherwise, that defendant will be granted a departure for substantial assistance. Defendant further acknowledges that no promise of any kind has been made that a motion requesting such departure will be made except as otherwise provided herein.

The United States agrees to consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the U. S. Attorney, defendant has provided substantial assistance which would merit a government request for a downward departure from the mandatory statutory minimum or the applicable Guidelines sentencing range:

(1) the United States' evaluation of the significance and usefulness of any assistance rendered by defendant;

(2) the truthfulness, completeness, and reliability of any information or testimony provided by defendant;

(3) the nature and extent of defendant's assistance;

(4) any injuries suffered or any danger or risk of injury to defendant or defendant's family resulting from any assistance provided by defendant; and

(5) the timeliness of any assistance provided by defendant.

It is understood that even if a motion for departure is made by the United States, based upon defendant's perceived substantial assistance, the final decision as to how much, if any, reduction in sentence is warranted because of that assistance, rests solely with the District Court.

-4-

4(d) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of Distribution of Methamphetamine Hydrochloride (ice) in a quantity of approximately one-half (.5) grams net weight, as charged pursuant to Title 21, United States Code, § 841(a)(1), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly delivered methamphetamine hydrochloride;
>
> Second: the defendant knew that it was methamphetamine hydrochloride or some other prohibited drug; and
>
> Third: defendant distributed an amount of approximately one-half (.5) grams net weight.

The defendant understands that to establish a violation of Carrying a Firearm In Commission of a Drug Trafficking Crime, in violation of Title 18, United States Code § 924(c), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant committed the crime of distribution of a controlled substance as alleged in Count I of the indictment;
>
> Second: the defendant knowingly carried a firearm; and
>
> Third: the defendant carried the firearm during and in relation to the crime.

6. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1980, and is a citizen of the United States.

(b) If the defendant cooperates with the United States by providing information

-5-

concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

(c) The defendant was employed as a police officer with the Guam Police Department. On June 3, 2005, defendant sold approximately one-half (.5) gram net weight of methamphetamine hydrochloride (ice) to another person for $300. At that time defendant was in uniform and was carrying his service pistol, a Smith & Wesson .9mm pistol, Model 5906, Serial Number TVD2476. This firearm was carried during and in relation to the crime of distribution of a controlled substance.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

7. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement. Thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of

-6-

Evidence, or any other provision of law, to attempt to bar such use of the information.

8. Defendant understands that whether he has completely fulfilled all of the obligations under this agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence. In determining whether there has been a breach, the parties agree that any polygraph results and the polygrapher's conclusions and opinions shall be admissible.

9. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

10. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

11. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

//
//
//
//
//
//
//
//
//
//
//
//

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: AUG 1 9 2005

JASON COBURIAN ORTIOLA
Defendant

DATED: AUG 1 9 2005

HOWARD TRAPP
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 8/19/05

By: KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 8/19/05

RUSSELL C. STODDARD
First Assistant U.S. Attorney

-9-